UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
WALTER M. SHUNAULA,            :
MERCEDES CABRERA, and          :
WALTER S. SHUNAULA,            :
     Plaintiffs,               :
                               :
v.                             :    Civil No. 3:07CV00891(AWT)
                               :
EMILIO T. GONZALES, et al.,    :
     Defendants.               :
                               :
-------------------------------x
```

## ORDER RE MOTION TO DISMISS

The plaintiffs, Walter M. Shunaula, Mercedes Cabrera, and Walter S. Shunaula, filed applications with the United States Citizenship and Immigration Services ("USCIS") to adjust their status to lawful permanent residents. The plaintiffs' applications were denied by USCIS and they were never given interviews. The plaintiffs filed suit against the government defendants alleging that the defendants did not properly adjudicate their applications for adjustment of status. They seek an order compelling the defendants to conduct interviews and adjudicate their applications again.

The defendants have moved to dismiss the complaint, and their motion is being granted. First, the complaint should be dismissed because 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the adjudication of the plaintiffs' adjustment of status applications, for reasons set forth in detail by the defendants in their Memorandum in Support of Motion to Dismiss the Complaint (Doc. No. 16-2) ("Defendants' Memorandum").

Second, judicial review under the Administrative Procedures Act is specifically preluded where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). See also Brock v. Pierce County, 476 U.S. 253, 260 n.7 (1986); Norton v. So. Utah Wilderness Alliance, 542 U.S. 55, 63 (2004).

Finally, the plaintiffs have not alleged a colorable Fifth Amendment claim. A prerequisite for a Fifth Amendment due process claim is action by the government depriving the individual of a liberty or property interest. Here, as discussed in more detail at pages 11-12 of the Defendants' Memorandum, the plaintiffs cannot legitimately claim that they are entitled to adjustment of status or interviews in connection with their applications for adjustment of status because both the granting of an adjustment of status and a decision of whether to interview an applicant prior to adjudicating an application for adjustment of status are entirely discretionary.

Accordingly, the Defendants' Motion to Dismiss Complaint (Doc. No. 16) is hereby GRANTED. The Clerk shall enter judgment in favor of the defendants and close this case.

It is so ordered.

Signed this 19th day of August, 2008 at Hartford, Connecticut.

_____/s/AWT_____
Alvin W. Thompson
United States District Judge